

**U.S. Department of Justice**

*United States Attorney's Office*
*District of New Jersey*

---

*970 Broad Street, 7th Fl.*          *Main: 973-645-2700*
*Newark, New Jersey 07102*          *Direct: 973-645-2736*
                                     *David.Simunovich@usdoj.gov*

## FILED UNDER SEAL & *EX PARTE*

May 18, 2026

**<u>Via USAFX</u>**
Melissa E. Rhoads, Esq.
Clerk of the Court
United States District Court
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets
Camden, NJ 08101

> Re:   *United States ex rel. [UNDER SEAL] v. [UNDER SEAL],*
>        *Civil Action No. 21-19320 (CPO) (EAP)*

Dear Ms. Rhoads:

I enclose for filing *ex parte* and under seal in the above-referenced case copies each of the following documents:

1. The United States' notice of election to intervene for purposes of effectuating settlement;
2. Proposed order; and
3. Certificate of service.

We would greatly appreciate receiving a copy of the signed order via USAFX.

- 2 -

Respectfully submitted,

ROBERT FRAZER
United States Attorney

/s/ David V. Simunovich
By:   David V. Simunovich
Assistant U.S. Attorney

Encl.

cc: David Abrams, Esq. – *Relator's counsel (via email)*

ROBERT FRAZER
United States Attorney
DAVID V. SIMUNOVICH
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
Tel. (973) 645-2736
david.simunovich@usdoj.gov

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

<table>
<tr><td>

UNITED STATES OF AMERICA *ex rel.*
GNGH2 INC.,

                  *Plaintiffs,*

        v.

INNOVA ATLANTIC WH
OPERATIONS LLC*, et al.,*

              *Defendants.*

</td><td>

HON. CHRISTINE P. O'HEARN

*Civil Action No.* 21-19320 (CPO) (EAP)

**FILED UNDER SEAL & *EX PARTE***

</td></tr>
</table>

**THE UNITED STATES' NOTICE OF ELECTION TO INTERVENE FOR
PURPOSES OF EFFECTUATING SETTLEMENT**

The United States, Relator GNGH2 INC., and Defendants Innova Atlantic

WH Operations LLC ("Innova Atlantic") and Innova Gloucester Deptford Bridge

Opertaions LLC ("Innova Gloucester," and together with the United States, Relator,

and Innova Atlantic, the "Settling Parties"), have reached a settlement agreement

to resolve the claims brought on behalf of the United States in this action. In light of

this agreement, and for the purpose of effectuating and formalizing that resolution,

pursuant to the False Claims Act, 31 U.S.C. §§ 3730(b)(2) and (4), the United States

respectfully advises the Court of its decision to intervene for the purposes of

settlement.

Specifically, the United States partially intervenes in this action with respect to civil claims predicated upon the following factual allegations (the "Covered Conduct"):

i. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or about March 2020 designed to provide emergency financial assistance to millions of Americans suffering economic effects caused by the COVID-19 pandemic. One source of relief provided by the CARES Act was the authorization of forgivable loans to small businesses for job retention and certain other expenses, through a program referred to as the Paycheck Protection Program ("PPP"). PPP loans were guaranteed by the SBA and, if the loan proceeds were used for eligible expenses, the SBA would forgive the loan balance and accrued interest.

ii. To obtain a PPP loan, a qualifying business had to submit a PPP loan application to an authorized lender. The PPP loan application required the business, through its authorized representative, to acknowledge the PPP rules and make certain affirmative certifications that the applicant was eligible to obtain a PPP loan. Eligible companies could receive up to two PPP loans, known as a first-draw PPP loan and a second-draw PPP loan.

iii. On or about February 23, 2021, Innova Gloucester applied for a second-draw PPP loan.

iv. On or about March 9, 2021, Innova Atlantic applied for a second-draw PPP loan.

v. When Innova Atlantic and Innova Gloucester applied for their second-draw PPP loans, businesses with more than 300 employees were not eligible to participate in the PPP. The PPP loan application instructed applicants that the 300-employee limit was inclusive of employees who worked for an applicant's affiliates.

vi. Under the affiliation rules in effect at the time Innova Atlantic and Innova Gloucester applied for their second-draw PPP loans, businesses would be considered affiliates if they had common ownership.

vii. Innova Atlantic and Innova Gloucester have common ownership; accordingly, the businesses were affiliated for purposes of the PPP. By virtue of that affiliation, Innova Atlantic and Innova Gloucester were ineligible for their second-draw PPP loan because, while individually they each had fewer than 300 employees, together, they had more than 300 employees.

viii. Based on the certifications of Innova Atlantic and Innova Gloucester on their respective second-draw PPP applications, a lender approved their second draw PPP loan applications and

3

issued PPP loans to each business. Pursuant to the PPP, the SBA paid the lender loan processing fees in connection with the second draw loans referenced above. Specifically, SBA paid a loan processing fee of $46,696 for the loan issued to Innova Atlantic. SBA paid a loan processing fee of $54,767 for the loan issued to Innova Gloucester.

ix.   Prior to entering into this Agreement, Innova Atlantic and Innova Gloucester repaid in full the balance of their second draw PPP loans.

Under the terms of the settlement agreement among the parties, following payment of the settlement amount by Innova Atlantic and Innova Gloucester, the United States and the Relator will file a Notice of Voluntary Dismissal with respect to all claims brought on behalf of the United States against all parties named in the caption.

In light of the settlement agreement reached among the Settling Parties, the United States does not presently intend to file a complaint in intervention but reserves the right to seek leave to file such a complaint in the event that either Innova Atlantic or Innova Gloucester do not pay their respective settlement amounts consistent with the terms of the settlement agreement.

With respect to the claims asserted against other Defendants named in caption but which are not part of the Settling Parties—namely, Bannister Operations Associates LLC; Oak Hill Operations Associates LLC; Shady Acres

4

Operations Associates LLC; Leisure Operations LLC; Breezy Operations LLC; Topeka Operations Associates LLC; Wichita Operations Associates LLC; Seniorcare Emergency Medical Services Inc.; Seniorride Transportation LLC; Intergen Health LLC; Apex Licensed Home Care Agency LLC; CFSC Maintenance LLC; and Edge Plus Co Architecture LLC (collectively, the "Non-Settling Defendants")—the United States intervenes in this action and intends to include these parties in a joint stipulation of voluntary dismissal to be filed with the Court once Innova Atlantic and Innova Gloucester make their respective settlement payments.

Finally, the United States hereby requests that the Court unseal the Relator's Complaint, this Notice of Intervention for Purposes of Effectuating Settlement, and all subsequent filings following this Notice of Election.

The United States further requests that all other papers on file in this action remain under seal because in discussing the content and extent of the United States' investigation, such papers are provided by law to the Court alone for the sole purpose of evaluating whether the seal and the time for making an election to intervene should be extended.

5

A proposed order accompanies this Notice.

Dated:   Newark, New Jersey
         May 18, 2026

                                    Respectfully submitted,

                                    ROBERT FRAZER
                                    United States Attorney

                            By:     /s/ David V. Simunovich
                                    DAVID V. SIMUNOVICH
                                    Assistant United States Attorney
                                    970 Broad Street, Suite 700
                                    Newark, NJ 07102
                                    Tel. (973) 645-2736
                                    david.simunovich@usdoj.gov
                                    *Attorneys for the United States*

6

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* GNGH2 INC., <br><br>          *Plaintiffs,* <br><br>          v. <br><br> INNOVA ATLANTIC WH OPERATIONS LLC, *et al.,* <br><br>          *Defendants.* | HON. CHRISTINE P. O'HEARN <br><br> *Civil Action No.* 21-19320 (CPO) (EAP) <br><br> **FILED UNDER SEAL & *EX PARTE*** |

**[PROPOSED]**
**ORDER**

The United States, pursuant to the False Claims Act, 31 U.S.C. §§ 3730(b)(2) and (4), having intervened in the above-captioned matter for purposes of settlement in this action, it is hereby:

**ORDERED** that the Relator's Complaint, the United States' Notice of Intervention for Purposes of Effectuating Settlement, and this Order be unsealed; and it is further

**ORDERED** the seal shall be lifted on all matters occurring in this action after the date of this Order; and it is further

**ORDERED** that all other papers or Orders on file in this matter shall remain under seal; and it is further

**ORDERED** the Clerk of the Court shall provide an executed copy of this Order to counsel for the Government and counsel for the Relator.

**IT IS SO ORDERED**, this _____ day of _____, 2026.

_____
HON. CHRISTINE P. O'HEARN
United States District Judge

ROBERT FRAZER
United States Attorney
DAVID V. SIMUNOVICH
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
Tel. (973) 645-2736
david.simunovich@usdoj.gov

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* GNGH2 INC., <br><br> *Plaintiffs,* <br><br> v. <br><br> INNOVA ATLANTIC WH OPERATIONS LLC, *et al.,* <br><br> *Defendants.* | HON. CHRISTINE P. O'HEARN <br><br> *Civil Action No.* 21-19320 (CPO) (EAP) <br><br> **FILED UNDER SEAL &amp; *EX PARTE*** |

## CERTIFICATE OF SERVICE

I, Assistant U.S. Attorney David V. Simunovich, hereby certify that on May 18, 2026, I caused copies of the Notice of Election to Intervene for Purposes of Effectuating Settlement and a Proposed Order to be filed with the Court electronically and sent to Relator GNGH2 INC., through its counsel, David Abrams, Esq., via email.

I swear that the foregoing statements are true and correct to the best of my knowledge. I am aware that I am subject to penalty for any willful misstatement herein.

1

Dated:   Newark, New Jersey
         May 18, 2026


                                        */s/ David V. Simunovich*
                                        DAVID V. SIMUNOVICH
                                        Assistant United States Attorney

2